IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR07-4051-MWB |
| vs. | **DETENTION ORDER** |
| JOSEPH McCAULEY, | |
| Defendant. | |

This matter came on for detention hearing on September 28, 2007, pursuant to 18 U.S.C. § 3142(f)(1)(E). Assistant U.S. Attorney Forde Fairchild appeared on behalf of the plaintiff (the "Government"). The defendant Joseph McCauley appeared in person with his attorney, Patrick Parry. The Government offered the testimony of Detectives Ryan Denney and Jason Braunschweig of the Sioux City Police Department. McCauley offered the testimony of his guardian, Elizabeth Tuttle.

The court must determine whether any condition or combination of conditions will reasonably assure McCauley's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In making the detention determination, the court must consider, among other things, whether the offense involves a firearm; the weight of the evidence against the person; the person's history and characteristics; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

In the present case, the record indicates McCauley was involved in a drive-by shooting a mere one month after his release from incarceration on Nebraska state charges. The record further indicates he was in Sioux City, Iowa, in violation of the terms and conditions of his parole, because he had left Lincoln, Nebraska, without obtaining the permission of his parole officer. McCauley has an extensive criminal history that includes charges relating to violent crimes, gang activity, and controlled substances. Despite the belief of McCauley's guardian Mrs. Tuttle that McCauley is a "changed man," there is nothing in the record to indicate McCauley would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved by clear and convincing evidence that McCauley would be a danger to the community if released. Therefore, the court finds the following:

1. McCauley is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford McCauley reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver McCauley to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, McCauley must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 28th day of September, 2007.

*Paul A. Zoss*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT